```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
MICHAEL D. DARBY,                   :
                                    :
        Petitioner,                 :   Civ. No. 15-0622 (NLH)
                                    :
    v.                              :   OPINION
                                    :
WARDEN OF NEW JERSEY STATE PRISON,  :
                                    :
        Respondent.                 :
_____:

APPEARANCES:
Michael Darby,
New Jersey State Prison
P.O. BOX 861
Trenton, NJ 08625
    Plaintiff Pro se

HILLMAN, District Judge

    Petitioner Michael D. Darby, a prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging an unspecified conviction. Also pending is a "Motion to Stay, Motion to Remand and Motion to Appoint Counsel." Motion to Stay, Motion to Remand and Motion to Appoint Counsel, Darby v. Warden of New Jersey State Prison, No. 15-0622 (D.N.J. Feb. 17, 2015), ECF No. 2. For the reasons set forth below, the Petition is dismissed and the Motions are denied.

I.   BACKGROUND

In the "Procedural History" section of his Motion to Stay, Petitioner states that he was denied post-conviction relief ("PCR") in state court; though he does not specify from what conviction he sought this relief or when it was denied.[1] In any event, it appears that Petitioner appealed the PCR Court's decision on July 22, 2014. It also appears that Petitioner filed a number of motions with the Appellate Court, including: a motion to proceed as indigent, which was granted; a motion for free transcripts, which was denied; and a subsequent "MOTION TO RELY ON ACCOMPANYING ATTEMPT TO ABBREVIATE THE RECORD[,]" which was also denied. Id. at 18. On January 21, 2015, the appeal was dismissed for failure to prosecute. Id. at 23.

In a letter dated January 12, 2015, Petitioner filed with this Court a two page document which he describes as a "notification of a second habeas corpus writ petition."[2] Petition for Writ of Habeas Corpus, Darby v. Warden of New Jersey State Prison, No. 15-0622 (D.N.J. Jan. 29, 2015), ECF No. 1. Little information regarding the substance of his Petition is provided;

---

[1] Presumably, this PCR proceeding related to his original conviction entered in the Superior Court of New Jersey, Cumberland County, on December 9, 1991.
[2] A review of Petitioner's case history reveals that this is, in fact, his third § 2254 habeas petition filed in this district. See Darby v. Ricci, Civ. No. 10-1513 (NLH); Darby v. Bartkowski, Civ. No. 11-4182 (PGS).

therefore it is unclear what precisely Petitioner intends to challenge by way of this Petition.

In a submission dated February 9, 2015, Petitioner filed with this Court documents titled "PROTECTIVE MOTION for ORDER OF STAY; REMAND TO THE STATE COURT APPELLATE DIVISION with INSTRUCTIONS TO EXTEND FULL, ADEQUATE APPELLATE PROCEDURE; GRANT CONTINUED IFP LEAVE TO PROCEED and; RECOMMENDATION FOR REFERRAL FOR APPOINTMENT OF COUNSEL[.]" Motion to Stay, Darby, No. 15-0622, ECF No. 2.  In this filing, Petitioner argues that the Appellate Division improperly denied his request for transcripts and his request to abbreviate the record.  He further asserts that the denial of his motions and the subsequent dismissal of his appeal deprived him of "the equal protection and due process of law in the state appellate court proceeding," and constituted an "infringement of his state and federal Constitutional right to unrestricted access to the courts or so much as access to the appellate process." Id. at 13.

Petitioner does not indicate the date of, or the subject of, the proceedings to which the transcripts relate; nor does he provide information regarding the underlying conviction from which he sought relief in the PCR court.  Additionally, beyond the caption of these submissions, Petitioner does not further address his request for a stay or his request for appointment of counsel.

II.   DISCUSSION

A. Challenge to the PCR Court's Decision

To the extent Petitioner means to challenge the Appellate Court's decision to dismiss his appeal of the PCR Court decision, this Court will dismiss the Petition for lack of jurisdiction as a successive petition, and deny a certificate of appealability.

Presumably — and because Petitioner has not indicated otherwise — the PCR proceeding which Petitioner challenges by way of this Petition relates to Petitioner's original conviction.  As noted above, Petitioner has previously challenged his original conviction.  In his first § 2254 petition, Darby v. Ricci, Civ. No. 08-4929 (NLH), this Court dismissed the Petition as untimely and denied a certificate of appealability in an Order entered April 28, 2009.  Thereafter, Petitioner submitted a motion to reopen the case and argued that his claim was not time-barred.  By Order and accompanying Opinion entered May 20, 2009, this Court reopened the case, considered Petitioner's arguments that the Petition should not be dismissed as untimely, dismissed the Petition with prejudice as untimely, and denied a certificate of appealability. Petitioner then filed a Motion to Stay and a Rule 60(b) Motion,

which this Court denied in an Opinion and Order dated December 13, 2010.

Less than one year later Petitioner filed another habeas petition. See Darby v. Bartkowski, Civ. No. 11-4182 (PGS). In an Opinion dated August 4, 2011, Judge Sheridan noted the previous habeas filing and, relying on Burton v. Stewart, 549 U.S. 147, 152 (2007), dismissed the Petition for lack of jurisdiction as a successive petition, and denied a certificate of appealability.

The Petition presently before this Court is yet another "second or successive" habeas application for which Petitioner has not sought or obtained authorization from the Court of Appeals to file in this Court.[3]  Several times now Petitioner has "brought claims contesting the same custody imposed by the same judgment of a state court.  As a result, under AEDPA, he was required to receive authorization from the Court of Appeals before filing his [subsequent] challenge.  Because he did not do so, [this] Court [is] without jurisdiction to entertain it." Burton, 549 U.S. at 153.

In deciding not to transfer Petitioner's second habeas petition to the court of appeals pursuant to 28 U.S.C. § 1631, Judge Sheridan reasoned:

---

[3] The Petition does not assert that the Court of Appeals has granted authorization pursuant to 28 U.S.C. § 2244(b).

> When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). The Petition before this Court does not argue that Petitioner satisfies the gatekeeping requirements of 28 U.S.C. § 2244(b)(2), nor does it mention these requirements or make a prima facie showing. This Court accordingly declines to transfer the Petition to the Third Circuit as an application for authorization to file a second or successive petition, and will dismiss the Petition for lack of jurisdiction. Cf. Hatches v. Schultz, 381 F. App'x 134. 137 (3d Cir. 2010) ("In deciding that it would not be in the interest of justice to transfer the petition to the Fourth Circuit, the District Court properly considered whether Hatches had alleged facts sufficient to bring his petition within the gatekeeping requirement of § 2255 permitting 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law.").

Darby v. Bartkowski, No. 11-4182, 2011 WL 3438863 at *3 (D.N.J. Aug. 4, 2011).  For the same reasons set forth in Judge Sheridan's August 4, 2011 Opinion, this Court declines to transfer the Petition and it is dismissed for lack of jurisdiction as second or successive.  This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition for lack of jurisdiction is correct. See Slack v. McDaniel, 529 U.S. 473. 484 (2000).

B. <u>Challenge to Appellate Court's Transcript Determination</u>

To the extent Petitioner has filed this Petition as a means to challenge the Appellate Division's decision to deny his request for transcripts, the Court will dismiss the Petition for lack of jurisdiction. A habeas corpus petition is properly used when a prisoner challenges the "fact or duration" of his confinement. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 498-99 (1973). In this case, Petitioner seeks either the requested transcripts or an abbreviated record so he can proceed with his appeal. This relief, if granted, would not alter the "fact or duration" of his confinement; therefore a § 2254 petition is not the proper mechanism for the relief sought. <u>Id.</u> Rather, it seems that Petitioner's complaints relate to the constitutionality of the Appellate Court's rulings. Thus, it is likely that Petitioner's concerns would be more appropriately brought in the form of a § 1983 action.

Additionally, to the extent Petitioner seeks a writ of mandamus, pursuant to 28 U.S.C. § 1361, and requests that this Court compel the Appellate Court to provide him with the requested transcripts, this Court is without jurisdiction to do so. <u>See</u> <u>Burns v. New Jersey</u>, No. 09-5646, 2010 WL 2696403 (D.N.J. July 1, 2010) (Section 1361 does not confer on the district court jurisdiction to issue a writ of mandamus to compel a state judicial officer to act in matters pending in

that officer's court.) (citing <u>Urich v. Diefenderfer</u>, No. 91-0047, 1991 WL 17820 (E.D.Pa. Feb. 11, 1991)).

For the reasons discussed above, Petitioner's § 2254 claim is dismissed for lack of jurisdiction.

### III. CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus for lack of jurisdiction and denies a certificate of appealability.

In the event Petitioner meant to challenge the Appellate Court's failure to provide him with transcripts as an infringement of his constitutional rights, he may bring a § 1983 action.  In the event Petitioner meant to challenge a sentence or conviction other than his original conviction, he is free to file a new § 2254 Petition; but is advised to clearly specify the conviction or sentence which he is challenging.

An appropriate Order follows.

                                      __s/ Noel L. Hillman____
                                      NOEL L. HILLMAN
March 9, 2015                    United States District Judge

At Camden, New Jersey